People v Johnson

2026 NY Slip Op 02672

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Clyde Johnson, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2020-00578, (Ind. No. 5424/18)

Colleen D. Duffy, J.P.

Paul Wooten

Laurence L. Love

Susan Quirk, JJ.

Patricia Pazner, New York, NY (Alexa Askari and Anders Nelson of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jordan Cerruti of counsel), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Laura R. Johnson, J.), rendered December 18, 2019, convicting him of forcible touching (three counts) and sexual abuse in the third degree, upon a jury verdict, and imposing sentence.

ORDERED that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his convictions is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).

Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel under the New York Constitution, since, viewing defense counsel's performance in its totality, counsel provided meaningful representation (see People v Benevento, 91 NY2d 708, 712). Further, the defendant was not deprived of the effective assistance of counsel under the United States Constitution (see Strickland v Washington, 466 US 668).

The defendant's contention that he was deprived of a fair trial by alleged prosecutorial misconduct based upon the prosecutor's comments during her summation is unpreserved for appellate review, as defense counsel either failed to object to the challenged comments or failed to object with sufficient specificity (see CPL 470.05[2]; People v Adorno, 210 AD3d 113, 121). In any event, the challenged comments were fair comment on the evidence and the reasonable inferences to be drawn therefrom, fair response to defense counsel's summation, or constituted harmless error, and did not deprive the defendant of a fair trial (see People v Murphy, 218 AD3d 795, 797; People [*2]v Evans, 127 AD3d 780, 782).

The defendant's contention that the prosecution failed to provide him with fair notice as to the forcible touching counts relating to one of the complainants is without merit. "As pertinent to this case, when a defendant is 'charged with a crime that is perpetrated by commission of a single act and time is not a substantive element of the crime charged, the allegation of when that act was committed must be reasonably specific in light of all the circumstances of the particular case'" (People v Atta, 126 AD3d 713, 715, quoting People v Shack, 86 NY2d 529, 540; see CPL 200.50[6]). "Although an allegation of a designated period of time may suffice for the purposes of CPL 200.50(6), any such period must be reasonable" (People v Atta, 126 AD3d at 715; see People v Morris, 61 NY2d 290, 295; People v Vogt, 172 AD2d 864, 865). Here, in light of all the relevant circumstances, the time period alleged was reasonable and the defendant was sufficiently apprised of the conduct charged so as to enable him to prepare an adequate defense (see CPL 200.50[6]; cf. People v Atta, 126 AD3d at 715).

DUFFY, J.P., WOOTEN, LOVE and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court